BEATRICE ROMANO, PLAINTIFF-RESPONDENT, v. METRO-POLITAN LIFE INSURANCE COMPANY, A CORPORA· TION, DEFENDANT-APPELLANT.

Submitted October term, 1930—Decided April 16, 1931.

Before Justices CASE, DALY and DONGES.

For the respondent, *Benjamin Gordon.*

For the appellant, *McCarter & English (Herbert R. Baer,* on the brief).

PER CURIAM.

The action is on contract and was brought on an insurance policy issued by the defendant on October 8th, 1928, insuring the life of one Mickele Romano. The policy was payable to the executor or administrator of the insured. It contained what is known as the facility of payment clause, which provided as follows:

"The company may make any payment or grant any non-forfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied."

The plaintiff, a sister of the insured, was neither his executrix nor administratrix.

Seven reasons are advanced in appellant's brief in support of the argument that there was error in the trial. The first two, respectively, are to the effect that the trial court erred in denying the motion for nonsuit and in denying the motion for direction of verdict in favor of the defendant on the ground that the plaintiff was not a party entitled to sue under the policy. The plaintiff contends that she fully complied with all the "conditions precedent" as set forth in the facility of payment clause and thereby became entitled to payment from the company. The law on this subject is too well settled in this court to need extended discussion. By the terms of the clause in question an option is given the company to pay any one of the persons having the qualifications named in the clause. This option of itself necessarily excludes any right on the part of the plaintiff to enforce payment; and the fact, if it be a fact, that the payments of premium were made by the plaintiff, imposes no liability upon the company to her. *Marzulli* v. *Metropolitan Insurance Co.*, 79 *N. J. L.* 271.

It is unnecessary to consider the other questions raised in the case.

The defendant was entitled to have its motions granted. Judgment will be reversed, with costs.